UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| IN RE: | ) | CASE NO. 25-BK-51068 |
|---|---|---|
| | ) | |
| PATRICIA M. RENDINO | ) | |
| | ) | CHAPTER 13 |
| Debtor | ) | |
| | ) | |
| | ) | JUDGE: KOSCHIK |
| | ) | |

## CREDITOR'S MOTION TO DISMISS CASE WITH TWO YEAR BAR DUE TO PRESENTMENT IN BAD FAITH §1307(c)

Now comes Creditor Russell Allen, by and through counsel, who humbly Moves this Court to Dismiss this action with Prejudice with a two-year bar to refiling for a showing of bad faith. Russell Allen believes this penalty is warranted due to Ms. Rendino presenting an insulting Chapter 13 Plan that predominantly pays her attorney's fees to the detriment of all her creditors, including the Summit County Auditor for some $26,256.00 in delinquent property taxes across three parcels she owns and refuses to sell. Ms. Rendino has a demonstrated history of cheating others that spans decades, and she has been the civil defendant in countless actions over this same time frame. In all these actions, she summarily ignored the processes and ended up with an equal amount of default judgments against her. Time and time again the cycle repeats: she cheats people, they sue her and get default judgments, she files bankruptcy to avoid liability, and the bankruptcy case gets dismissed without a discharge.

Patricia Rendino filed a previous Chapter 13 case, 16-bk-52909, initiated to shield her from the wrath of her pre-2016 victims. Her case was eventually dismissed for failing to make plan payments, effectively making the Trustee another victim of Ms. Rendino's unstoppable desire to swindle others out of payments due them, even when ordered to do so by a Court. At

the time, she was operating a successful pizza restaurant and could have easily made the plan payments of $2,365.00. She also had a rental property and was receiving rents. She never received a discharge in 16-52909, so all of her pre-2016 default judgments are still in-place. Cursory glances at her long Defendant history will unequivocally show her non-priority unsecured debts are far in excess of the $22,288.74 she misstated on her petition, along with the $0.00 she falsely put down for her priority unsecured tax debts of $26,256.00. Moreover, she still has the rental property and receives rents, but failed to list that income on Sch. I, line 8. She purchased the 3582 Ponciana property in 2003 and has rented it ever since.

Patricia Rendino filed her Chapter 13 Plan on June 23, 2025 (Doc #7), whereby a staggering $52.79 per month would be paid to her creditors for 36 months across nearly $1/2 million in debt. On August 27, 2025, the first objection to Ms. Rendino's plan arrived from Huntington National Bank, which was later sustained by the Court. On September 24, 2025, creditor Russell Allen also objected to the plan, which was also later sustained by the Court.

Furthermore, Patricia Rendino has failed to enter good faith appearances in this process. She repeatedly fails to show up to the §341 hearings, thus triggering Trustee Rucinski to file a Motion to Dismiss Case on August 28, 2025 (Doc #20).

Curiously, Patricia Rendino's Plan was filed on June 23, 2025. Now, more than five months later into this train wreck of a case and under the glare of three plan objections (the Trustee's objection is third) *and* a motion to dismiss by the Trustee, Patricia Rendino has failed to take any steps whatsoever to ameliorate the ever-growing concern that Ms. Rendino is simply using this process to shirk liability for her intentional, dishonest behavior, to the detriment of all her creditors. *Even if* a Ch. 13 plan could be presented that would satisfy all the creditors, Ms. Rendino would still have to sustain the payments for 36 months. Given her previous bankruptcy

history, it is doubtful she would, and this case would end up being dismissed for failure to make plan payments, just like before.

Patricia Rendino has a demonstrated history of cheating others out of money. This fact is not in dispute; her litigation dossier paints a very clear picture of this fact. She now has two bankruptcy filings where she puts little to no effort in the Ch. 13 process, and is simply using the mechanism to keep the marauding creditors at bay, until the debt is forgotten and the cycle repeats.

Creditor Russell Allen believes this case is too defective to be redeemed, *nor should it be redeemed simply for the benefit of Patricia Rendino*. Every step in the process so far has been one more example of Patricia Rendino's bad faith and complete disregard toward the lengthy list of her creditor-victims. Disregard for creditors, exactly as it was in 2016. The totality of Patricia Rendino's life as a continuous civil Defendant and repeat bankruptcy filer demonstrates her lack of concern for anyone but herself.

Creditor Russell Allen fully believes no part of this case was filed in good faith. The petition is far from correct and the plan is insulting. He has known Ms. Rendino for some twenty years and recognizes the patterns as they reappear. She has no intention of benefitting those who were foolish enough to provide her with money, goods, and services; she only desires to benefit herself and get out of the hot water in which she finds herself boiling.

Because Patricia Rendino has thoroughly demonstrated bad faith in this matter, Creditor Russell Allen humbly requests this Court to Dismiss this case with Prejudice, with a two-year bar on refiling.

Respectfully Submitted,

   /s/ Mark Graziani
Mark F. Graziani #0092927
P.O. Box 1158
Norton, OH 44203
(330) 571-3350 (cell)
mark_graziani@yahoo.com

Attorney for Creditor Russell Allen

CERTIFICATE OF SERVICE

 I hereby certify that on December 8, 2025, a true and correct copy of Russell Allen's Motion to Dismiss with Prejudice was served:

**Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:**

David A. Mucklow, on behalf of Patricia M. Rendino, Debtor, at davidamucklow@yahoo.com

Keith Rucinski, on behalf of the Chapter 13 Trustee's office at efilings@ch13akron.com

Office of the United States Trustee, at (registered address)@usdoj.gov

And by regular U.S. Mail, postage paid, on:

Patricia M. Rendino, at 3524 S. Turkeyfoot Lake Rd, Akron, OH 44319